**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

EDRIS MOHAMMAD,

      Petitioner,

v.                                  No. 1:26-cv-02123-DHU-LF

GEORGE DEDOS, Warden, Cibola County
Correctional Center; DIRECTOR, El Paso
Field Office, U.S. Immigration and Customs
Enforcement, Enforcement and Removal
Operations; DAVID J. VENTURELLA, Senior
Official Performing the Duties of the Director,
U.S. Immigration and Customs Enforcement;
MARKWAYNE MULLIN, Secretary, U.S.
Department of Homeland Security; and TODD
BLANCHE, Acting Attorney General of the
United States; each in an official capacity,

      Respondents.

## <u>ORDER GRANTING IN PART PETITION FOR WRIT OF HABEAS CORPUS</u>

THIS MATTER is before the Court on Petitioner Edris Mohammad's Petition for Writ of

Habeas Corpus ("Habeas Petition"). Doc. 1. Petitioner alleges that he has been unlawfully

detained without an opportunity for a bond hearing, in violation of the Immigration and

Nationality Act ("INA") and the Due Process Clause of the Fifth Amendment. *Id.* ¶¶ 29-32, 36-

38.[1] He requests a Writ of Habeas Corpus ordering Respondents to release him from custody, or,

---

[1] Petitioner also challenges his re-detention after having been previously temporarily paroled into
the United States. *Id.* ¶¶ 33-35. Petitioner, however, did not provide sufficient information
regarding his parole, including whether the parole was still active, for this Court to properly
assess the claim. *See generally* Docs. 1, 12. Respondents state that their records do not show that
Petitioner was ever paroled, and attached all available records to their response. *See* Doc. 10 at 2;
Docs. 10-1 to 10-6. Because of the lack of information regarding Petitioner's parole, and because
the Court is granting Petitioner's Habeas Petition on his INA and Due Process claims, the Court
"decline[s] to address th[is] remaining claim[] of error." *Scott v. Mullin*, 303 F.3d 1222, 1232
(10th Cir. 2002).

alternatively, ordering Respondents to provide him with a bond hearing in seven (7) days. *Id.* at 15. Having considered the parties' briefs and the relevant law, the Court **GRANTS IN PART** Petitioner Edris Mohammad's Petition for Writ of Habeas Corpus, and orders Respondents to provide Petitioner with a bond hearing before an Immigration Judge ("IJ") pursuant to 8 U.S.C. § 1226(a) within seven (7) days.

**I.**
**BACKGROUND**

1. Petitioner Edris Mohammad is a native and citizen of Afghanistan who entered the United States on September 22, 2024. *Id.* ¶¶ 9, 17.

2. Petitioner was detained by immigration officials, and eventually issued a Notice to Appear and placed in removal proceedings. *Id.* ¶ 17; Doc. 1-4 at 7.

3. Following processing, Petitioner was temporarily released. Doc. 1 ¶ 18.

4. On December 1, 2025, Petitioner encountered Immigration and Customs Enforcement ("ICE") at a barber shop in Buffalo, New York, and was re-detained. *Id.* ¶ 19.

5. At some point, Petitioner filed Applications for Asylum, Withholding of Removal, Withholding Under the Convention Against Torture ("CAT"), and for Deferral of Removal Under CAT. Doc. 1-6 at 4.

6. On April 28, 2026, Petitioner had an Individual Hearing before the Batavia Immigration Court in New York, where the Immigration Judge denied Petitioner's Applications and entered an Order of Removal. Doc. 1 ¶ 23; Doc. 1-6 at 1, 6. Petitioner filed a timely appeal with the Board of Immigration Appeals ("BIA"), which remains pending. Doc. 1 ¶ 23; Doc. 1-7 at 2-3.

7. Petitioner was eventually transferred to the Cibola County Correctional Center in Milan, New Mexico, where he remains detained. Doc. 1 ¶ 21.

On July 1, 2026, Petitioner filed a Habeas Petition. In his Petition, Petitioner contends that his detention is governed by 8 U.S.C. § 1226(a) and that he is, therefore, entitled to a bond hearing. *Id.* ¶¶ 36-38. He further argues that his continued detention without a bond hearing violates his due process rights. *Id.* ¶¶ 29-32.

On July 6, 2026, the Court entered an Order to Show Cause ordering Respondents to show cause within ten (10) business days. Doc. 4. That same date, Petitioner filed a Motion for Temporary Restraining Order ("TRO"). Doc. 5. In the Motion for TRO, Petitioner reiterates the arguments made in his Habeas Petition and requests the same relief—release or, alternatively, a bond hearing. *Id.* at 1-2, 6-8, 10.[2]

On July 10, 2026, the Court entered an Amended Order to Show Cause ordering Respondents to show cause in three days, by July 13, 2026. Doc. 9.

On July 13, 2026, Respondents filed their response. Doc. 10. In their response, Respondents concede that Petitioner is subject to the detention provisions of § 1225 or § 1226. *Id.* at 3. Respondents' position is that Petitioner is an applicant for admission under § 1225(b)(2)(A) based on the plain language of that statute. *Id.* However, Respondents also acknowledge that "the Tenth Circuit has ruled otherwise" in *Santillan Quiroz v. Mullin*, __F.4th__, 2026 WL 1876709 (10th Cir. June 30, 2026), and "that its recent ruling is binding on this Court." *Id.* Respondents also concede that the facts of this case "are not materially distinguishable from those in *Santillan Quiroz* for purposes of the Court's decision on the legal issue of which statutory provision authorizes Petitioner's detention." *Id.*

---

[2] Petitioner also requests that, if the Court does not order release or a bond hearing, that it, further alternatively, order Respondents to arrange a prompt outside cardiology evaluation due to his recent health issues. *Id.* at 2.

On July 15, 2026, Petitioner filed a reply. Doc. 12. In his reply, Petitioner notes that Respondents "concede that *Santillan Quiroz* binds this Court and that the material facts are not distinguishable on the question whether § 1225 or § 1226 governs." *Id.* at 6. Petitioner also reiterates his argument that his detention is governed by § 1226(a) and requires, at a minimum, a bond hearing. *Id.*

## II.
## LEGAL STANDARDS

Habeas relief is available when a person "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Petitioner seeks habeas relief, arguing that she is being detained in violation of the INA and the Due Process Clause.

The Due Process Clause of the Fifth Amendment prohibits the government from depriving any person of liberty without due process of law. "Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that Clause protects." *Zadvydas v. Davis*, 533 U.S. 678, 690, 121 S.Ct. 2491 (2001). The Due Process Clause's protections extend to all persons in the United States, including noncitizens, "whether their presence here is lawful, unlawful, temporary, or permanent." *Id.* at 693.

## III.
## DISCUSSION

Given that Respondents concede that the facts of this case are not materially distinguishable from *Santillan Quiroz* for purposes of the Court's decision on the legal issue of which statutory provision authorizes Petitioner's detention, this Court's conclusion is the same as the conclusion in that case. Accordingly, following the Tenth Circuit Court of Appeal's decision in *Santillan Quiroz*, the Court holds that "noncitizens who enter[] the United States and [a]re thereafter detained in the interior of the country" are subject to § 1226(a) and, therefore, entitled to a bond

hearing. 2026 WL 1876709, at *5. Petitioner, who entered the United States in 2024, was detained and temporarily released, and was subsequently re-detained on December 1, 2025, in New York, is properly detained pursuant to § 1226(a) and, therefore, entitled to a bond hearing. Moreover, Respondents' resultant denial of a bond hearing deprived Petitioner of his due process rights. To ensure that Petitioner's due process rights are protected going forward, the factors laid out in *Mathews v. Eldridge*, 424 U.S. 319, 335, 96 S.Ct. 893 (1976), favor shifting the burden of proof to the Government in any future bond hearing. *See Requejo Roman v. Castro*, 826 F.Supp.3d 1267, 1284 (D.N.M. 2026).

Accordingly, Petitioner's Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED IN PART**.

**IT IS THEREFORE ORDERED** that Respondents provide Petitioner with an individualized bond hearing before a neutral IJ within **seven (7) days** of entry of this Order. If Petitioner does not receive such a hearing on or before Friday, July 24, 2026, he shall be immediately released.

At the bond hearing, the assigned IJ is hereby ordered to first turn to the Government, who shall bear the burden of proving, by clear and convincing evidence, that Petitioner is a flight risk and/or a danger to the community to justify continued detention. If the IJ determines that the Government has met its burden, the IJ may then turn to Petitioner for his arguments. The assigned IJ is also hereby ordered not to consider, deny bond, or otherwise rely on *Matter of Yajure Hurtado*, 29 I&N Dec. 216 (BIA 2025). The entire bond hearing must also be recorded to aid the Court in reviewing any post-bond hearing motions.

**IT IS FURTHER ORDERED** that Respondents submit a status report to the Court no later than Monday, July 27, 2026, confirming whether a bond hearing was held and the result of said hearing.

Finally, because the Court is granting Petitioner's Habeas Petition and providing him with relief in this Order, Petitioner's Motion for TRO (Doc. 5) is **DENIED AS MOOT**.

**IT IS SO ORDERED.**

HONORABLE DAVID HERRERA URIAS
UNITED STATES DISTRICT JUDGE