## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

EDRIS MOHAMMAD,

     Petitioner,

v.                                                                          No. 1:26-cv-02123-DHU-LF

GEORGE DEDOS, Warden, Cibola County
Correctional Center; DIRECTOR, El Paso
Field Office, U.S. Immigration and Customs
Enforcement, Enforcement and Removal
Operations; DAVID J. VENTURELLA, Senior
Official Performing the Duties of the Director,
U.S. Immigration and Customs Enforcement;
MARKWAYNE MULLIN, Secretary, U.S.
Department of Homeland Security; and TODD
BLANCHE, Acting Attorney General of the
United States; each in an official capacity,

     Respondents.

## <u>ORDER DENYING EMERGENCY MOTION TO ENFORCE</u>

THIS MATTER is before the Court on Petitioner Edris Mohammad's Emergency Motion
to Enforce the Court's July 17, 2026 Order. Doc. 15. After reviewing this Court's Order, the
parties' briefing and supplements, and the Digital Audio Recording ("DAR") transcript of the bond
hearing conducted on July 23, 2026,[1] the Court **DENIES** the Motion.

On July 17, 2026, this Court issued an Order Granting In Part Petition for Writ of Habeas
Corpus. Doc. 14. In the Order, the Court required "that Respondents provide Petitioner with an
individualized bond hearing before a neutral [Immigration Judge ("IJ")] within seven (7) days of
the entry of [the] Order," specifically on or before July 24, 2026. *Id.* at 5. The Court provided the
following bond hearing instructions:

---

[1] Petitioner lodged the DAR with this Court on July 31, 2026. Doc. 20. The Court, however, was
unable to listen to the DAR because it was submitted in an unaccepted file format. The Court,
therefore, relies on the DAR transcript.

> At the bond hearing, the assigned IJ is hereby ordered to first turn to the Government, who shall bear the burden of proving, by clear and convincing evidence, that Petitioner is a flight risk and/or a danger to the community to justify continued detention. If the IJ determines that the Government has met its burden, the IJ may then turn to Petitioner for his arguments. The assigned IJ is also hereby ordered not to consider, deny bond, or otherwise rely on *Matter of Yajure Hurtado*, 29 I&N Dec. 216 (BIA 2025). The entire bond hearing must also be recorded to aid the Court in reviewing any post-bond hearing motions.

*Id.*

On July 23, 2026, Petitioner was provided with a bond hearing at the Otero Immigration Court, IJ Samuel G. Williams ("IJ Williams"). Doc. 16-1. IJ Williams denied bond on flight risk grounds. *Id.* at 1.

On July 24, 2026, Petitioner filed the instant Emergency Motion, which he supplemented on August 4, 2026. Docs. 15, 22-1 to 22-3. In the Motion, Petitioner argues that, at the bond hearing, IJ Williams failed to follow the Court's bond hearing instructions. Specifically, Petitioner asks this Court to review whether IJ Williams allocated "the burden to the Government." Doc. 15 at 2, 9-11. He also asks the Court to review the sequencing of the bond hearing. *Id.* at 2, 11; Doc. 22-1 at 3-4. He requests immediate release, or, alternatively, a new bond hearing. Doc. 15 at 19-20.

The Court has reviewed the DAR transcript of the bond hearing at issue and finds no indication that IJ Williams failed to follow its Order. IJ Williams shifted the burden to Government and turned to it first. Doc. 22-2 at 3:1-12. The Government then made a flight risk presentation. *Id.* at 4:9-21. IJ Williams, implicitly determining flight risk, then turned to Petitioner, noting that he did not hear evidence of danger, so he was not going to find danger. *Id.* at 4:22-5:2. To the extent that Petitioner argues that IJ Williams needed to announce a determination of flight risk before turning to Petitioner, the Court disagrees and notes that an express determination was not required by the Court's Order. Nevertheless, prior to Petitioner's presentation, IJ Williams also

clarified that he "was not going to find danger" and that "this is all flight risk." *Id.* at 5:13-15. Petitioner then made his presentation. *Id.* at 5:16-7:2, 7:11-17. IJ Williams then denied bond, finding that the "[G]overnment met their burden by clear and convincing evidence that [Petitioner] is a flight risk." *Id.* at 7:18-20. He noted three times that he considered all evidence and analyzed all conditions under *Matter of Guerra*, 24 I&N Dec. 37 (BIA 2006). *Id.* at 7:21, 8:13, 8:19-21.

Finally, the Court notes that IJ Williams did not rely on *Matter of Yajure Hurtado*, 29 I&N Dec. 216 (BIA 2025). *See generally* Doc. 22-2. He also recorded the bond hearing. *Id.* at 3:16-19. Accordingly, this Court cannot conclude that IJ Williams violated the Court's Order in any way. To the extent that Petitioner challenges IJ Williams' consideration and weighing of the bond factors, or his ultimate bond decision, the proper avenue for relief is an appeal to the Board of Immigration Appeals ("BIA"). The Court declines to step into the shoes of the BIA and review the merits of IJ Williams' decision.

The Court, therefore, **DENIES** Petitioner's Emergency Motion to Enforce (Doc. 15) and will issue a separate final judgment closing this civil habeas case.

**IT IS SO ORDERED.**

_____
HONORABLE DAVID HERRERA URIAS
UNITED STATES DISTRICT JUDGE